UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

EIJA HEWARD,
    Plaintiff,

vs.

C. A. No. 04-12038 JLT

CITY OF BROCKTON
BROCKTON PUBLIC SCHOOLS AND
DONALD BURRELL, INDIVIDUALLY AND
AS PRINCIPAL OF EAST JUNIOR HIGH
SCHOOL, CITY OF BROCKTON, MAGISTRATE JUDGE
    Defendants.

RECEIPT # 58846
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

### VERIFIED COMPLAINT
### (REQUEST FOR JURY TRIAL)

### Introduction

This is an action for damages and equitable relief by the Plaintiff, Eija Heward, against the Defendants, City of Brockton, Brockton Public Schools and Donald Burrell, Individually and in his capacity as Principal of East Junior High School, City of Brockton, for harassment and discrimination in employment based on sex in violation of the Plaintiff's 14th Amendment Rights, G.L. c. 151B §4(1) and §4 (4A) and 42 U.S.C. § 1981.

### Parties

1. The Plaintiff, Eija Heward (hereinafter "Heward"), is an individual who resides at 13 Soule Ave., Duxbury, Massachusetts, 02332.

2. The Defendant, City of Brockton, Brockton Public Schools (hereinafter "Brockton"), with its principal place of business and headquarters located at Crosby Administration Building, 43 Crescent Street, Brockton, MA, 02301.

3. The Defendant, Donald Burrell, Individually and as Principal at East Junior High School was at all times relevant to the Complaint herein the employed by the City of Brockton as

1

Principal of East Junior High School and resides at 189 Candy Lane, Brockton, MA 02301.

## Jurisdiction

4. Heward timely filed a charge of discrimination pursuant to Mass Gen. L. c. 151B with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"), naming the City of Brockton as Respondents.

5. Pursuant to c. 151B, §9, Heward removed her Charge from the MCAD and EEOC in order to file a civil action.

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over the claims raised under 42 U.S.C. § 1981, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims raised under Mass. Gen. L. c. 151B.

## Facts

7. As a result of an incident in late February, 2000, in which the Principal of East Junior High School, Donald Burrell, in the Brockton School system, said the Plaintiff made him look bad after a meeting with a parent, she has been subjected to steady stream of abuse and a pattern of discrimination by Mr. Burrell, culminating in her termination on June 20, 2002.

8. For more than two years Mr. Burrell did everything he could to damage the Plaintiff's professional reputation and contrive means to make her job more difficult.

9. When the Plaintiff tried to transfer to another school Mr. Burrell went through extraordinary steps to insert himself into the interview selection process to block the Plaintiff's chances of leaving his school so he could terminate her instead.

10. Mr. Burrell managed the Plaintiff's supervisors to insure that she would receive bad performance evaluations.

2

11. Prior to working for Mr. Burrell, the Plaintiff had an excellent record of performance at other schools.

12. Mr. Burrell tampered with the Plaintiff's personnel file by removing or refusing to file rebuttal letters she wrote in regard to false, prejudicial evaluations, which were engineered by him.

13. Other women in the school expressed a fear of Mr. Burrell to Plaintiff and told her that a chauvinistic attitude existed in the school system. One teacher warned the Plaintiff that "He destroys women" in referring to Mr. Burrell.

14. No male teacher has ever been subjected to the humiliating treatment that was inflicted upon the Plaintiff.

15. The Plaintiff believes and therefore alleges that other women teachers are afraid to speak up against Mr. Burrell for fear of losing their jobs.

16. Mr. Burrell has methodically discriminated against all the women employees by intimidating them and especially the Plaintiff. If the Plaintiff were a man teaching at his school he never would have been treated the way she was.

## CAUSES OF ACTION

### Count I – Civil Rights Violations

17. The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 16.

18. This action arises under Title 42 of the U.S. Code, Sections 1342, 1983, 1985 and 1986, and this Court has jurisdiction of the action under Title 28 of the U.S. Code, Sections 1331, 1332 and 1343.

19. The reasons given by the Defendants for termination of the Plaintiff were malicious, false and fabricated; and were conspired and contrived by Defendants and were intended and

did defame, ridicule, harass and wrongly and unjustly accuse the Plaintiff of incompetence and seriously damaged her standing and association in her academic community.

20. Said Defendants conspired and contrived to deny and deprive Plaintiff of an opportunity to refute the charges that the said Defendants had made against her.

21. The Plaintiff has been subjected, because of the above recited acts, to the deprivation by the Defendants under color or law, and of the customs and usages of the Commonwealth of Massachusetts, or rights, privileges and immunities secured to her by the Constitution and Laws of the United States and particularly, her rights under the Due Process Clause guaranteed by Fifth and Fourteenth Amendments to the U.S. Constitution to enjoy those privileges essential to the orderly pursuit of happiness by free men, her rights to equal protection of the laws guaranteed by the Fourteenth Amendment to said Constitution.

22. The Plaintiff alleges that in doing the acts and things complained of above, the Defendants were conspirators and engaged in a scheme and conspiracy designed and intended to deny and deprive her of rights guaranteed to Plaintiff under the Constitution and Laws of the United States and of the Commonwealth of Massachusetts and particularly those hereinabove enumerated.

23. The Plaintiff alleges that Defendants knew or should have known that Plaintiff's employment termination was based on her gender and that their illegal action was their participation in the conspiracy to deny Plaintiff a harmonious work environment and to deny Plaintiff her employment with the School Department.

24. The Plaintiff alleges that as the direct consequence and result of the acts of the Defendants the Plaintiff suffered much anxiety and mental distress, much discomfort and embarrassment, her reputation was impaired, her earning capacity and professional

associations were impaired, she suffered a loss of income, a loss of health insurance benefits, future income, and retirement benefits in excess of $100,816.00.

**Wherefore**, the Plaintiff demands a judgment for damages both compensatory and punitive against the Defendants amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

### Count II-Wrongful Termination and Discrimination against Person Based upon a Plaintiff's Sex in Violation of M.G.L. Chapter 151B

25. The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 24.

26. The Defendants collectively discriminated against the Plaintiff based upon her gender.

27. The Defendants intentionally placed the Plaintiff in an environment of intentional harassment in an effort to aggravate her to quit her position as a teacher.

28. When the Plaintiff did not quit, the Defendants wrongfully terminated the Plaintiff based upon a pretext to conceal the sexual discrimination and malicious attacks upon her professional reputation in an effort to discredit her and terminate her thereby treating her entirely different than any male employee in violation of M.G.L. Chapter 151B.

29. As a result of said wrongful termination the Plaintiff has suffered mental distress, damage to her reputation and public humiliation.

30. The actions of the Defendants are the proximate cause of extensive damage to the Plaintiff including, but not limited to the loss of past and future income, health insurance benefits and retirement benefits, all valued in excess of $100,816.00.

31. The acts of the Defendants were intentional and malicious as well as conspiratorial in nature.

32. On November 25, 2002, the Plaintiff filed an action with the MCAD and the EEOC. On June 23, 2004, the Plaintiff withdrew her Complaint with the MCAD and EEOC in order to file the within case in Federal Court to include additional causes of action.

**Wherefore,** the Plaintiff, Heward, demands a judgment for damages both compensatory and punitive against the Defendant, City of Brockton and the Defendant, Burrell in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

### Count III-Wrongful Termination and Breach of the Implied Covenant of Good Faith and Fair Dealing – Against the City of Brockton

33. The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 32.

34. Heward and the City of Brockton had a written and/or implied employment contract governing the employment of Heward. In all employment contracts pursuant to the appropriate law there is an implied covenant of good faith and fair dealing. As a result of their conduct and action set forth above, the Defendant breached the implied covenant of good faith and fair dealing. As a result of that breach, Heward sustained significant damages including but not limited to loss of job, loss of income, benefits, emotional, and or mental anguish in excess of $100,816.00.

**Wherefore,** the Plaintiff demands a judgment for damages both compensatory and punitive against the Defendants in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

### Count IV- Misrepresentation, Fraud and Deceit-Against the City of Brockton

35. The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 34.

36. The Defendants participated in intentional misrepresentations regarding the continued employment of Heward. These misrepresentations consisted of continuing to create and subject Heward to a hostile work environment instead of working with her. As a result of these misrepresentations, fraud and deceit committed by the Defendants, the Plaintiff has sustained significant damages.

**Wherefore**, the Plaintiff, Heward, demands a judgment for damages both compensatory and punitive against the Defendants in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

### Count VII- Intentional Infliction of Emotional Distress-Against City of Brockton

37. The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 36.

38. The Defendants through its conduct as set forth above has intentionally caused Heward to suffer emotional distress as demonstrated by physical manifestations. As a result of the Defendants' intentional infliction of emotional distress, Heward has sustained permanent and serious personal injuries including but not limited to pain and suffering and emotional damage.

39. The Plaintiff alleges that as the direct consequences and result of the acts of the Defendants, the Plaintiff suffered much anxiety and mental distress, much discomfort and embarrassment, her reputation was impaired, her earning capacity and professional associations were impaired, loss of income, health insurance benefits, future income and retirement benefits in excess of $100,816.00.

**Wherefore**, the Plaintiff, Heward, demands a judgment for damages both compensatory and punitive against the Defendants in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

## Count VIII- Negligent Infliction of Emotional Distress- Against Burrell

40. The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 39.

41. The Defendant, Burrell, through his conduct as set forth above has negligently caused Heward to suffer emotional distress as demonstrated by physical manifestations. As a result of the Defendant, Burrell's, negligent infliction of emotional distress, Heward has sustained permanent and serious personal injuries including but not limited to pain and suffering and emotional damage.

42. The Plaintiff alleges that as the direct consequences and result of the acts of the Defendant, Burrell, the Plaintiff suffered much anxiety and mental distress, much discomfort and embarrassment, her reputation was impaired, her earning capacity and professional associations were impaired, loss of income, health insurance benefits, future income and retirement benefits in excess of $100,816.00.

**Wherefore**, the Plaintiff, demands a judgment for damages both compensatory and punitive against the Defendant, Burrell, in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

## Count IX- Promissory Estoppel-Against the City of Brockton

43. The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs one through 42.

44. Based upon the conduct of the Defendants as set forth above, Heward relied upon the promises made by the City of Brockton. The Defendants at all relevant times herein continued to misrepresent to Heward promises of future employment and Heward's detrimental reliance upon those representations caused her to sustain significant damages

including her ultimate termination from employment, denial of compensation and benefits and/or foregoing other employment or business opportunities.

45. The Plaintiff alleges that as the direct consequences and result of the acts of the Defendants, the Plaintiff suffered much anxiety and mental distress, much discomfort and embarrassment, her reputation was impaired, her earning capacity and professional associations were impaired, loss of income, health insurance benefits, future income and retirement benefits in excess of $100,816.00.

**Wherefore**, the Plaintiff, Heward, demands a judgment for damages both compensatory and punitive against the Defendants, in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

## Count X- Negligent Breach of Contract Duty-Against City of Brockton

46. The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs one through 45.

47. Based upon the conduct of the Defendants, all Defendants have negligently breached their contractual duties to the Plaintiff. The Defendants were obligated to exercise due care in the performance of their duties and have negligently and carelessly breached their duties causing significant harm, injury and damages to Heward.

48. The Plaintiff alleges that as the direct consequences and result of the acts of the Defendants, the Plaintiff suffered much anxiety and mental distress, much discomfort and embarrassment, her reputation was impaired, her earning capacity and professional associations were impaired, loss of income, health insurance benefits, future income and retirement benefits in excess of $100,816.00.

**Wherefore**, the Plaintiff, Heward, demands a judgment for damages both compensatory and punitive against the Defendants, in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

### Count XI.- Negligent Misrepresentation-Against City of Brockton

49. The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs one through 48.

50. The Defendants failed to exercise reasonable care and competence in supplying correct and accurate information to Heward. The Defendants through their conduct negligently failed to state accurate information regarding Plaintiff's termination.

51. The Defendants' negligence was the proximate cause of infliction of much anxiety and mental distress.

52. The Plaintiff alleges that as the direct consequences and result of the acts of the Defendants, the Plaintiff suffered much anxiety and mental distress, much discomfort and embarrassment, her reputation was impaired, her earning capacity and professional associations were impaired, loss of income, health insurance benefits, future income and retirement benefits in excess of $100,816.00.

**Wherefore**, the Plaintiff, Heward, demands a judgment for damages both compensatory and punitive against the Defendants in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

### Count XII- Breach of Employment Contract-Against City of Brockton

53. The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs one through 52.

54. As a result of the actions of the Defendants set forth above, the Defendant breached its employment contract with Heward causing her to sustain damages, i.e. loss of job, compensation and benefits to which she was otherwise entitled.

## VERIFICATION OF COMPLAINT

I, Eija Heward, being first duly sworn, state that I am the Plaintiff in the above-entitled action, that I have read the foregoing complaint and know the contents thereof, and that the same is true to my own knowledge and belief.

*Eija Heward*
Eija Heward

Dated: September 20, 2004

12