UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. No. 04-12038-JLT

| | |
|---|---|
| EIJA HEWARD, | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| CITY OF BROCKTON, | ) |
| BROCKTON PUBLIC SCHOOLS, | ) |
| AND DONALD BURRELL, | ) |
| INDIVIDUALLY AND AS PRINCIPAL | ) |
| OF EAST JUNIOR HIGH SCHOOL, | ) |
| Defendants | ) |
| | ) |

### DEFENDANTS' MOTION TO DISMISS COMPLAINT

Pursuant to Rule 12(b)(6) of the Fed.R.Civ.P., Defendants City of Brockton (the "City"), Brockton Public Schools ("Brockton") and Donald Burrell ("Burrell"), Individually and as Principal of the East Junior High School (collectively "the Defendants") request that this court dismiss the complaint in its entirety. As reasons therefore, the Defendants state the following:

1. Count I, based on Civil Rights violations, alleges due process claims under the Fifth and Fourteenth Amendments. The Fifth Amendment only applies to the federal government, not to the state or individual action. Thus, an action against the Defendants, who are not federal actors, cannot lie. Further, the Plaintiff, Eija Heward ("Heward"), has failed to alleged any facts to support a due process claim under the Fourteenth Amendment. No liberty interest is involved. Moreover, Heward, a former teacher at Brockton who never obtained professional teacher status ("PTS") had no entitlement to continued employment at Brockton, and, as such, had no protected property interest.

2. Count II must be dismissed since Heward failed to allege sufficient facts to establish a prima

facie case of sex discrimination under G.L. c. 151B. Specifically, Heward did not alleged, nor can she allege that she performed her job satisfactorily. Likewise, Heward did not allege, nor can she allege that she was replaced by an individual who possessed similar skills and was not in the same protected class.

3. Count III must be dismissed since Heward did not provide sufficient facts to support the claim for breach of covenant of good faith and fair dealing. Specifically, Heward did not allege, nor can she allege that the City terminated her in an effort to deprive her of benefits she had earned but had not received.

4. Count IV must be dismissed since Heward failed to comply with Rule 9 of the Fed.R.Civ.P. requiring specificity in pleading fraud and failed to allege any facts to support the claim of misrepresentation, fraud, and deceit. Heward never identified what misstatements were made or how they were false. Instead, Heward simply alleged that the "misrepresentations consisted of continuing to create and subject Heward to a hostile work environment instead of working with her."

5. Count V, Intentional Infliction of Emotional Distress Against the City, must be dismissed because it is barred by the exclusivity provision of the Workers Compensation Act (the "Act"). Further, the City's alleged conduct was not severe and outrageous and was not beyond all bounds of decency or utterly intolerable in a civilized society. Additionally, Heward failed to allege any facts showing that she suffered severe emotionally injury.

6. Count VI, Negligent Infliction of Emotional Distress Against Burrell, should be dismissed because it is barred by the Act. Additionally, Heward has not averred any fact that would support a claim for negligent infliction of emotional distress.

7. Count VII, Promissory Estoppel, must be dismissed since Heward has failed to alleged any elements of a promissory estoppel claim.  She has not alleged what promises, if any, were made by the City.  Further, she has not alleged that the City reasonably expected any promises to induce action or forbearance by her. Similarly, Heward has not alleged that any statements by the City actually induced her to act or forbear from acting a certain way.

The promissory estoppel claim also must be dismissed because the claim does not apply to government actors such as the City.

8. Count VIII, must be dismissed because Negligent Breach of Contract is not a recognized cause of action.

9. Count IX, Negligent Misrepresentation, must be dismissed because Heward failed to allege sufficient facts to sustain the action.  Specifically,  Heward failed to alleged that in the course of its business, the City supplied false information for her guidance, in its business transactions, causing and resulting in pecuniary loss to Heward by Heward's justifiable reliance upon the information, and that the City failed to exercise reasonable care or competence in obtaining or communicating the information.

10. Count X, Breach of Contract, should be dismissed since Heward did not have a contract with the City.  Instead, she was a non-PTS teacher, who was subject to non-rehire annually.

11.  After dismissing the federal claims, the court should decline to exercise supplemental jurisdiction and dismiss the remaining state claims.

12.  All claims against Burrell must be dismissed since the Plaintiff failed to serve Burrell in accordance with Rule 4(e)(2) of the Fed.R.Civ.P.

**CONCLUSION**

For all the foregoing reasons, the Court should grant the Defendants' Motion to Dismiss all counts of the Complaint.

>Respectfully submitted,
>CITY OF BROCKTON, BROCKTON PUBLIC SCHOOLS And
>DONALD BURRELL, INDIVIDUALLY AND AS PRINCIPAL
>OF EAST JUNIOR HIGH SCHOOL,
>By Their Attorney,
>
>/s/ Lorna M. Hebert
>Lorna M. Hebert, BBO #559493
>Murphy, Hesse, Toomey and Lehane
>300 Crown Colony Drive, P.O. Box 9126
>Quincy, MA 02269-9126
>Telephone: (617) 479-5000
>EMAIL: lhebert@mhtl.com
>BBO# 559493

November 3, 2004