UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. No. 04-12038-JLT

| | |
|---|---|
| EIJA HEWARD,<br>    Plaintiff<br>v.<br><br>CITY OF BROCKTON,<br>BROCKTON PUBLIC SCHOOLS,<br>AND DONALD BURRELL,<br>INDIVIDUALLY AND AS PRINCIPAL<br>OF EAST JUNIOR HIGH SCHOOL,<br>    Defendants | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Plaintiff Eija Heward ("Heward") filed the instant action against the City of Brockton (the "City"), Brockton Public Schools ("Brockton") and Donald Burrell ("Burrell"), Individually and as Principal of the East Junior High School (collectively "the Defendants"). Heward's complaint asserts the following claims: (a) Count I (Civil Rights Violations); (b) Count II (Wrongful Termination and Discrimination against Person Based upon a Plaintiff's Sex in Violation of G.L. c. 151B); (c) Count III (Wrongful Termination and Breach of the Implied Covenant of Good Faith and Fair Dealing Against the City); (d) Count IV (Misrepresentation, Fraud and Deceit Against the City); (e) Count V[1] (Intentional Infliction of Emotional Distress Against Brockton); (f) Count VI (Negligent Infliction of Emotional Distress Against Burrell); (g) Count VII (Promissory Estoppel Against the City); (h) Count VIII (Negligent Breach of Contract Duty Against the City); (i) Count IX (Negligent Misrepresentation Against the City); and (j) Count X (Breach of Employment Contract Against the City). Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendants assert that Heward's complaint should be dismissed for failure to state a claim upon

---

[1] Plaintiff's complaint has incorrectly numbered Count V as Count VII, Count VI as Count VIII, and so forth.

which relief may be granted.

## SUMMARY OF ALLEGATIONS[2]

In support of her claims, Heward alleges that Burrell subjected her to a steady stream of abuse and discrimination commencing after an incident in February, 2000, when Burrell said Heward had made him look bad after meeting with a parent. Complaint ("C"), ¶7. Heward was terminated on June 20, 2002. C, ¶7. According to Heward, when she tried to transfer to another school, Burrell interfered with the interview process to prevent Heward from leaving East Junior High School so that he would be able to terminate her. C, ¶9. Burrell allegedly managed Heward's supervisors to ensure that she would receive poor evaluations. C, ¶10. Before working for Burrell, Heward's record of performance at other schools was excellent. C, ¶11. Burrell removed or refused to file letters in Heward's personnel file that she had written regarding false and prejudicial evaluations. C, ¶12. Heward alleges that other women in the school expressed fear of Burrell and told her that there was a chauvinistic attitude at the school. C, ¶13. In referring to Burrell, one teacher stated to Heward that "he destroys women." C, ¶13. It is Heward's belief that other women teachers are afraid to speak against Burrell for fear of losing their jobs. C, ¶15. Heward claims that no male teacher was subjected to the humiliating treatment that was inflicted upon her, and that if Heward were a man she would not have been treated the way she was. C, ¶¶14, 16. Finally, Heward alleges that Burrell methodically discriminated against all women employees and especially Heward through intimidation. C, ¶16. As a result of these actions, Heward claims that she was harassed and discriminated against on

---

[2] For purposes of the instant motion only, the Defendants do not dispute the facts averred by Heward in her Complaint.

the basis of sex in violation of her 14th Amendment Rights, G.L. c. 151B, and 42 U.S.C. §1981.

## ARGUMENT

In ruling on a motion to dismiss, all allegations in the Complaint as well as any inferences that may be drawn therefrom in the Plaintiff's favor, are to be taken as true. See Young v. City of Allentown, 882 F. Supp. 1480 (E.D. Pa. 1995), affirmed 66 F.3d 314 (1995). Moreover, a party moving for dismissal must establish beyond doubt that there is no set of facts which the Plaintiff could prove in support of his claim which would entitle him to relief. See Roeder v. Alpha Indus., Inc., 814 F.2d 22, 25 (1st. Cir. 1987). However, while all factual inferences are construed in the Plaintiff's favor, the Plaintiff may not make unsubstantiated legal conclusions in his Complaint without alleging sufficient facts to support those conclusions. See Kentucky Cent. Life Ins. Co. v. LeDuc, 814 F. Supp. 832 (N.D. Ca. 1992) (noting that complaint may be dismissed for insufficient facts to support a legal theory). Here, Heward has not alleged any facts to substantiate any of the various legal theories upon which she relies.

### I.    THE COURT SHOULD DISMISS COUNT I OF HEWARD'S COMPLAINT SINCE HEWARD DOES NOT HAVE A PROTECTED PROPERTY INTEREST IN HER POSITION.

Referencing 42 U.S.C. §§1342, 1983, 1985, and 1986, Heward alleges that she has been deprived of her rights under the due process clause of the Fifth and Fourteenth Amendments.[3] The due process clause of the Fifth Amendment applies only to the federal government, and not to state or individual action. Spiesel v. City of New York, 239 F.Supp. 106 (S.D.N.Y.1964), *aff'd,* 342 F.2d 800 (2d Cir.1965), *cert. denied,* 382 U.S. 856, (1965); Wynn v. Morgan, 861

---

[3] There is no statute cited 42 U.S.C. §1342.

F.Supp. 622, 630 (E.D.Tenn.1994). As none of the Defendants in the instant action are federal actors, Heward's claim based on the Fifth Amendment cannot proceed.

Pursuant to the Fourteenth Amendment, no state shall deprive any person of liberty or property without due process of law. "Procedural due process protections are only triggered when a liberty or property interest is at issue." Hudson v. Comm'r of Correction, 431 Mass. 1, 13 (2000). A constitutionally-protected property interest is an interest in property to which the person is entitled. See Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). Property interests are not created by the U.S. Constitution, but, rather, are created and their dimensions defined by state law. Doyle v. Dep't of Indus. Accidents, 50 Mass. App. Ct. 42, 45 (2000) citing Haverhill Manor, Inc. v. Comm'r of Pub. Welfare, 368 Mass. 15, 23 (1975); Roth, 408 U.S. at 577; Paul v. Davis, 424 U.S. 693 (1976); Bishop v. Wood, 426 U.S. 341 (1976).

Here, although not specifically stated, it appears that Heward claims that she had a property interest in her continued employment at Brockton. See C, ¶23 (alleging Defendants denied Heward "her employment with the School Department"). In the Complaint, however, Heward utterly failed to provide any details as to her employment at Brockton. In actuality, Heward was appointed to the position of Special Education Teacher on or about September 1, 1999.[4] She was reappointed to the position for the 2000\2001 and 2001\2002 school years.

---

[4] The Defendants attach to this Motion to Dismiss Exhibit ("Ex.") 1, Contracts of Employment, and Ex. 2, May 1, 2002 Notice of Non-renewal. The Defendants request that these documents be treated as part of the pleadings in this action and that the court refrain from converting this Motion to Dismiss into a motion for summary judgment. As the First Circuit stated in Watterson v. Page, 987 F.2d 1 (1st Cir. 1993), in reviewing a motion to dismiss, a court may look beyond the complaint at documents the authenticity of which are not disputed without converting the motion into a motion for summary judgment. Id. at 5. Such documents include official public records, documents central to the plaintiff's claim and documents sufficiently referred to in the complaint. Id.

Heward was not reappointed for school year 2002\2003. Thus, Heward never obtained professional teacher status ("PTS" or "tenure") at Brockton.

In order to succeed on a procedural due process claim, Heward must show that the property interest she claims, namely her continued employment as a Special Education Teacher, is one to which she is entitled. See Doyle, 50 Mass. App. Ct. at 45 (affirming dismissal of due process claim upon holding that plaintiff did not possess property interest in benefits under G.L. c. 152, §30H) citing Liab. Investigative Fund Effort, Inc. v. Mass. Med. Prof'l Ins. Ass'n, 418 Mass. 436, 443 (1994)). Massachusetts has statutorily enumerated those employees who are "entitled" to employment within its school systems. Pursuant to G.L. c 71, §41:

> a teacher, school librarian, school adjustment counselor, school social worker or school psychologist who has served in the public schools of a school district for the **three previous consecutive school years** shall be considered a teacher, and shall be entitled to professional teacher status.

G.L. c.71, §41 (emphasis added). Teachers with PTS "shall not be dismissed except for inefficiency, incompetency, incapacity, conduct unbecoming a teacher . . . or other just cause." G.L. c.71, §42. Therefore, pursuant to Massachusetts law, teachers who have served in the

---

Here, the documents submitted by the Defendants are matters of public record and are central to Heward's claims. Thus, the acceptance of these documents as part of the pleadings in the instant motion is proper. See e.g., Hogan v. Eastern Enterprises/Boston Gas, 165 F. Supp. 2d 55 (D.Mass. 2001)(noting that court may accept as part of motion to dismiss documents the authenticity of which is undisputed by the parties; official public records; documents central to the plaintiff's claim; and documents sufficiently referred to in the complaint); Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012, 1014-1015 (1st Cir. 1988) (considering article submitted with motion to dismiss by defendants in libel action); Mack v. South Bay Beer Distrib., Inc., 798 F. 2d 1279, 1282 (9th Cir. 1986) (holding "on motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment."); Valentin Rodriguez v. Municipality of Barcoloneta, 236 F. Supp. 2d 189 (D. P.R. 2002)(affirming Mack).

public school system for the three previous consecutive school years are "entitled" to PTS, and are "entitled" to their employment, a state-defined constitutionally protected property interest.

As a non-PTS Teacher, Heward is not afforded the protections of G.L. c.71, §41 and 42. Massachusetts has not created a separate property interest apart from §41 entitling non-PTS teachers to continued employment. To the contrary, Massachusetts courts have held that school employees who are subject to annual reappointment, such as non-PTS teachers and coaches, do not have a property interest in their continued employment. Costello v. School Committee of Chelsea, 27 Mass.App.Ct. 822 (1989)(finding that non-tenured administrator with a one year employment contract had no property right or legitimate claim of entitlement to continued employment); Hillis v. Stephen F. Austin State Univ., 665 F.2d 547 (5th cir. 1982), rehearing denied, 669 F.2d 729, cert. denied, 457 U.S. 1106 (holding non-tenured teacher had no legitimate claim of entitlement to or property right in continued employment); Sament v. Hahnemann Medical Coll. and Hosp. of Philadelphia, 413 F.Supp. 434 (D.C. Pa 1976), affirmed, 547 F.2d 1164 (holding non-tenured teacher had no constitutional right to hearing on reasons not to rehire him).

As the stated by the Supreme Court in Roth, "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577. Since Heward has no entitlement to the position of Special Education Teacher, the severance of her employment relationship with Brockton "does not constitute a deprivation of a property interest, and thus no claim can be made that property has been taken without due process." Martin v. School Committee of Natick, 395 Mass. 461, 465 (1985). Compare Doyle,

50 Mass. App. Ct. at 46 citing Madera v. Secretary of the Executive Office of Communities & Dev., 418 Mass. 452, 459 (1994) (holding an individual has a property interest in a benefit when the relevant law establishes certain eligibility criteria which, if met, entitle an individual to the benefit). Consequently, Heward's due process claims must be dismissed.

**II    THE COURT SHOULD DISMISS COUNT II OF HEWARD'S COMPLAINT SINCE HEWARD HAS NOT ALLEGED SUFFICIENT FACTS TO SUSTAIN A CLAIM UNDER G.L. c. 151B.**

Heward failed to provide concrete details of any alleged discriminatory conduct. Instead, she made numerous conclusory statements which, taken alone or together, make no sense. Indeed, Heward failed to provide essential specifics regarding her employment, such as her position, her dates of employment, how she was evaluated, the content of her evaluations, and Burrell's role in those evaluations. Heward may not make unsubstantiated legal conclusions in her Complaint without alleging sufficient facts to support those conclusions. See Kentucky Cent. Life Ins. Co. v. LeDuc, 814 F. Supp. 832 (N.D. Ca. 1992). To do so, subjects the Complaint to dismissal.

    A.    Heward's Allegations are Insufficient To Establish A Prima Facie Case of Sex Discrimination

To make a prima facie case of sex discrimination under G.L. c. 151B, Heward must prove the following:

1. Membership in a protected class;
2. Satisfactory job performance;
3. Termination, and
4. The hiring of a replacement who possesses similar skill and who is not in the same protected class.

Zhang v. MIT, 46 Mass.App.Ct. 597, 132 (1999); Blair v. Husky, Injection Molding

Systems, 419 Mass. 437, 441 (1995). Heward has not and cannot allege facts sufficient to prove prongs two and four of a prima facie case. Heward asserted that she received bad evaluations from Burrell, C., ¶10, that she was terminated, C., ¶7, and that she "had an excellent record of performance at other schools." C., ¶11. Nowhere, however, has Heward alleged that she performed satisfactorily in her capacity as Special Education Teacher at Brockton.

Further, although Heward has claimed she was terminated, she has not alleged, nor can she allege, that she was replaced by someone who possesses similar skill and who is not in the same protected class. Specifically, Heward never asserted that Brockton hired a man to replace her as Special Education Teacher. Indeed, after non-renewing Heward, Brockton hired another woman for the position. As Heward has not alleged sufficient facts to establish a prima facie case of sex discrimination, the Court should dismiss Count II of the Complaint.[5]

### III.    THE COURT SHOULD DISMISS COUNT III AS HEWARD HAS NOT PROVIDED ANY FACTS TO SUPPORT THE LEGAL THEORY.

In Massachusetts, a claim for breach of implied covenant of good faith and fair dealing can be maintained where an "ousted employee can show that the termination of his employment deprived him of compensation clearly connected to work already performed (and, thus, unjustly enriched the employer)." Cochran v. Quest Software, Inc., 328 F.3d 1, 8 (2003). See e.g. Harrison v. NetCentric Corp., 433 Mass. 465 (2001); Goldstein v. PFPC, Inc., No. 02-2145, 2004 Mass.Super. LEXIS 22 (Feb. 19, 2004)(Connolly, J.). The purpose of the claim is to preclude an employer from taking an unfair financial advantage of the employee. Id. To succeed on this

---

[5]To the extent Heward alleges a violation of §1981, as alluded to in ¶1 of the Complaint, such claim must fail for the same reasons Heward's G.L. c. 151B and contract claims fail.

claim, the employee must prove that the employer intended to deprive the employee of, or keep for itself, benefits the employee had essentially earned but not yet received. <u>Fortune v. National Cash Register</u>, 373 Mass 96, 104-105 (1977).

Here, Heward has not alleged, nor can she allege that the City intended to deprive her of benefits she had earned but had not received. In like fashion, Heward has not alleged, nor can she allege that the decision not to renew her was made without good cause, resulting in the deprivation of compensation for her past services and a financial windfall for the City. As such, Heward's claim for breach of implied covenant of good faith and fair dealing must fail.

## IV. THE COURT SHOULD DISMISS COUNT IV OF HEWARD'S COMPLAINT SINCE HEWARD FAILED TO ALLEGED ANY FACTS TO SUPPORT THE CLAIM.

In Count IV of her complaint, Heward asserts a claim of misrepresentation, fraud and deceit against the City. In order to state a claim for fraudulent misrepresentation, the plaintiff must allege (1) that the statement was knowingly false; (2) that defendant made the false statement with the intent to deceive; (3) that the statement was material to the plaintiff's decision; (4) that the plaintiff's reasonably relied on the statement; and (5) that the plaintiff was injured as a result of his reliance. <u>Doyle v. Hasbro, Inc</u>. 103 F.3d 186, 193 (D.Mass.1996), *citing* <u>Turner v. Johnson & Johnson</u>, 809 F.2d 90, 95 (1st Cir.1986)(affirming dismissal of plaintiff's fraud claim where claim was not pled with particularity and elements were not met). Pursuant to Rule 9(b) of the Fed.R.Civ.P., "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." According to the First Circuit, "[t]he clear weight of authority is that Rule 9 requires specification of the time, place, and

content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." McGinty v. Beranger Volkswagen, 633 F. 3d 226, 228 (1st Cir. 1980). "[M]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated." Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir.1985).

Here, not only did Heward fail to comply with Rule 9 requiring specificity in pleading fraud but Heward failed to allege any allegations whatsoever that remotely could support a fraud claim.   Indeed, Heward never even asserted what alleged misstatements were made or how they were false.  Instead, she simply alleged that the "misrepresentations consisted of continuing to create and subject Heward to a hostile work environment instead of working with her."  C. ¶36.  This allegation cannot support a claim for misrepresentation, fraud or deceit, and thus, Count IV must be dismissed.

     **V.**    **THE COURT SHOULD DISMISS COUNT V OF HEWARD'S COMPLAINT.**

          **A.**    **The Intentional Infliction of Emotional Distress Claim Against the City Must Be Dismissed Since It Is Barred by the Exclusivity Provision of the Workers Compensation Act (the "Act"), G.L. c. 152, §24.**

If a plaintiff is pursuing compensation for injuries from emotional harm arising out of the employer-employee relationship in a common law action, there must first be a notice of intent to do so as prescribed in G.L. c. 152, §24.  See Mullen v. Ludlow Hosp. Soc'y, 32 Mass. App. Ct., 968, 970 (1992), further appellate review denied, 413 Mass. 1103 (1992).  Otherwise, the

exclusive remedy is a workers' compensation claim.  See Anzalone v. Massachusetts Bay Transp. Auth., 403 Mass. 119, 124-25 (1988); Mullen, 32 Mass. App. Ct. at 970.  It is well settled that intentional and negligent infliction of emotional distress claims are always barred by the Act against the employer without such notice.  See  Andresen v. John Diorio et al., 349 F.3d 8 (1st Cir. 2003)(finding intentional infliction and negligent infliction of emotional distress claims barred by the Act even though injury occurred after plaintiff was terminated), Hinchey v. Nynex, Corp., 144 F.3d 134, 146, n.7 (1st. Cir. 1998).  Here, Heward did not allege nor can she allege that she provided a notice of intent in accordance with the provisions of G.L. c. 152, §24.  Thus, she  waived her right of action at common law and her exclusive remedy against the City is a workers' compensation claim.  Id.

       **B.**      **The Conduct Complained Of by Heward Was Not Severe And Outrageous and Was Not Beyond All Bounds Of Decency Or Utterly Intolerable In a Civilized Society.**

In order to succeed on a claim of intentional infliction of emotional distress, a plaintiff must show that (1) the defendant intended to cause or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous, beyond all bounds of decency and was utterly intolerable in a civilized community; (3) that the defendant's conduct caused the plaintiff distress; and (4) that the plaintiff suffered severe distress of a nature that no reasonable person could be expected to endure.  See  Sena v. Commonwealth, 417 Mass. 250, 263 (1994); Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976). Accord Bennett v. City of Holyoke, 230 F.Supp. 2d 207 (D.Mass. 2002).  These requirements are "aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere

hurt feelings are involved." See Agis, 371 Mass. at 145. As stated by the Supreme Judicial Court, "[t]he courts must be particularly wary in this area to avoid fictitious claims." Id.

A court may determine that the conduct complained of "as a matter of law cannot be deemed extreme and outrageous." Sena, 417 Mass. at 274 (affirming grant of summary judgment on emotional distress claim). The terms "extreme" and "outrageous" are used to describe "a higher order of reckless ruthlessness or deliberate malevolence that . . . is simply intolerable." See Conway, 37 Mass. App. Ct. at 8. Profoundly shocking conduct of an appalling nature is required to trigger the tort. See Simon v. Solomon, 385 Mass. 91, 97-98 (1982) (finding liability where landlord was indifferent to repeated flooding of plaintiff's basement apartment with sewage over a period of years); Boyle v. Wenk, 378 Mass. at 594-596 (finding liability where defendant attempted to intentionally shock and harm plaintiff, knowing that she was just out of the hospital and in a weakened condition). Liability cannot be founded upon mere insults, annoyances, or even threats and petty oppressions. See e.g., Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987); Tetrault v. Mahoney, 425 Mass. 456, 466 (1997).

Here, the alleged actions of Burrell do not rise to the requisite level of "extreme and outrageous" conduct necessary to make out an intentional infliction of emotional distress claim. At most, the conduct alleged was an insult or an indignity upon which liability cannot be predicated. See Foley, 400 Mass. at 99; Tetrault, 425 Mass. at 466. Accordingly, the court should dismiss Heward's intentional infliction of emotional distress claim. Beecy v. Pucciarelli, 387 Mass. 589, 596 (1992) (finding that claim alleging intentional infliction of emotional distress was properly dismissed where defendant's conduct was not extreme and outrageous); Kurker v. Hill, 44 Mass. App. Ct. 184, 193-94 (1998) (affirming dismissal of intentional infliction of

emotional distress claim because conduct was not extreme and outrageous).

### C. Heward Failed to Alleged Any Facts Showing That She Suffered Severe Emotional Injury.

Courts may determine that the alleged emotional injury is not severe enough to sustain a claim for intentional infliction of emotional distress. Bailey v. Shriberg, 31 Mass. App. Ct. 277, 279-80 (1991) (finding that "[t]here was no evidence that the emotional distress caused to [plaintiffs] was of the requisite severity" where plaintiffs were upset, uptight, disgusted, annoyed, fed up, tired, or rundown). In the present action, Heward alleges that she suffered "emotional damage" as a result of Brockton's actions. Heward, however, has failed to provide any factual allegations in support of her claim. Thus, her claim cannot lie.

### VI. THE COURT SHOULD DISMISS COUNT VI OF HEWARD'S COMPLAINT

#### A. The Negligent Infliction of Emotional Distress Claim Against Burrell Must Be Dismissed Since It Is Barred by the Exclusivity Provision of the Workers Compensation Act (the "Act"), G.L. c. 152, §24.

Under Massachusetts law, it is well established that claims for negligent infliction of emotional distress are always barred by the Act against individual employees, including supervisors. Clarke v. Kentucky Fried Chicken of California, Inc., 57 F.3d 21, 28-30 (1st. Cir. 1995), Foley v. The Proctor & Gamble Distributing Co., 2003 WL 21696544 (D.Mass.)(Zobel, J.), Saharceski v. Marcure, 373 Mass. 304 (1977). Thus, the negligent infliction of emotional distress claim against Burrell, an individual employee, cannot lie.

#### B. Heward Has Not Averred Any Facts That Would Support A Claim For Negligent Infliction of Emotional Distress.

To prevail on a claim of negligent infliction of emotional distress, Heward must show (1) negligence, (2) emotional distress, (3) causation, (4) physical harm manifested by objective symptomatology, and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case. Sullivan v. Boston Gas Co., 414 Mass. 129, 132-33 (1993). Heward has failed to allege any facts to support the elements of her claim, including, but not limited to an allegation of actual physical harm. Thus, Count VI must be dismissed.

### VII.     THE COURT SHOULD DISMISS COUNT VII OF HEWARD'S COMPLAINT.

#### A.     Heward Has Not Alleged All the Necessary Elements of a Promissory Estoppel Claim.

In order to recover in an action based upon promissory estoppel "a plaintiff must allege that "(1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." Carroll v. Xerox Corp., 294 F.3d 231, 242 (1st Cir. 2002), *citing* Loranger Construction Corp. v. E.F. Hauserman Co., 6 Mass.App.Ct. 152 (1978), judgment affirmed, 376 Mass. 757 (1978). The doctrine is only applied to prevent one from benefitting from his own wrongdoing and to avoid injustice. Loranger, 6 Mass.App.Ct. at 155. In determining whether to apply estoppel, courts focus on the reasonableness of the reliance on the promise. The party relying on estoppel has a heavy burden to prove the existence of all of the elements. See Jones v. Department of Health & Human Services, 843 F.2d 851, 853 (5[th]

Cir. 1988).

Here, Heward has not alleged any elements of a promissory estoppel claim. She has not alleged what promises, if any, were made by the City. Further, she has not alleged that the City reasonably expected any promises to induce action or forbearance by her. Similarly, Heward has not alleged that any statements by the City actually induced her to act or forbear from acting a certain way. Instead, Heward's complaint is replete with legal conclusions without a scintilla of factual support.

In paragraph 44 of the Complaint, Heward alleges that the Defendants "continued to misrepresent to [her] promises of future employment." Notably, this averment contains no specific details about the alleged promise of future employment such as the identity of the promisor, when the promise was made, or the content of the promise. Moreover, the allegation directly conflicts with facts alleged elsewhere in the complaint. For example, Heward stated that she received bad performance evaluations and that Burrell blocked her chances of leaving the school "so he could terminate her instead." C. ¶¶ 9, 10. Indeed, Heward was a non-PTS teacher who had entered into separate one year contracts with Brockton and who, by statute, was subject to non-renewal. Given these circumstances, Heward's allegation of promised continued employment, as a matter of law, cannot be considered in the determination of a motion to dismiss. Compare Carroll v. Xerox Corp., 294 F.3d 231, 242 (1st Cir. 2002) (dismissing claim where plaintiff's complaint contradicted his allegations of the promises made by his employer), Anderson v. Home Depot U.S.A., Inc., 2004 WL 42569 (D.Mass.)(Woodlock, J.)(granting summary judgement on promissory estoppel claim after finding employee did not prove employer promised to use progressive

15

discipline before terminating him, and that reliance on any such alleged promise would not have been reasonable).

### B.  Promissory Estoppel Does Not Apply to Government Entities Such as The City.

Promissory estoppel generally does not apply to governmental entities or governmental officials. See e.g.  Howell v. F.D.I.C., 986 F. 2d 569 (1st Cir. 1993); Bateman v. F.D.I.C., 112 F. Supp. 89 (D.Mass. 2000).  The policy disfavoring estoppel against the government and government officials stems from concern over public fiscal policy, sovereign immunity and administrative efficiency.  Harrington, 27 Mass. App.Ct. at 30. As the court in Falcone v. Pierce, 864 F.2d 226, 228 (1st Cir. 1988), noted:  "those who deal with the Government are expected to know the law and may not rely on the conduct of government agents contrary to law...."  Indeed, one relies at his peril on representations by government officials concerning legal requirements and the effect of rules and regulations.  Holahan v. Medford, 394 Mass. 186, 190-191 (1985).  This is particularly true when the representations relied upon are oral. See AP East, Inc. v. Asessors of Westborough, 40 Mass.App.Ct. at 913-194; Harrington, 27 Mass.App.Ct. at 309-310.

To apply equitable estoppel to Heward's claim would offend the legislative and public policy relating to PTS for teachers. There are numerous statutes and regulations delineating the various rights, requirements and benefits of PTS teachers.  Any alleged reliance on any supposed oral promise of continued employment would fly in the face of the statutory scheme established by law makers, and, as a matter of law, would not be reasonable. Compare Dagastino, 52 Mass.App.Ct. at 460, n.3 (refusing to apply equitable estoppel to

16

claim that supervisor indicated employee would receive higher salary than allowed by union contract).

### VIII. THE COURT SHOULD DISMISS COUNT VIII OF HEWARD'S COMPLAINT BECAUSE NEGLIGENT BREACH OF CONTRACT IS NOT A RECOGNIZED CAUSE OF ACTION.

As one Massachusetts court succinctly stated, "[negligent breach of contract] is not a recognized cause of action in the Commonwealth . . . ." Ross v. Raytheon Co., 2001 WL 1455863, at *5 (Mass. Super. 2001). Consequently, the Court should dismiss Count VIII.

### IX. THE COURT SHOULD DISMISS COUNT IX OF HEWARD'S COMPLAINT BECAUSE HEWARD HAS NOT ALLEGED SUFFICIENT FACTS TO SUSTAIN A CLAIM FOR NEGLIGENT MISREPRESENTATION.

Massachusetts courts have held that in order to recover for negligent misrepresentation, a plaintiff must show that the defendant: (1) in the course of its business, (2) supplied false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance upon the information, and (6) that it failed to exercise reasonable care or competence in obtaining or communicating the information. Cummings v. HPG Intern., Inc. 244 F.3d 16, 24 (D. Mass. 2001), *citing* Fox v. F & J Gattozzi Corp., 41 Mass.App.Ct. 581 (1996). Heward has failed to include any information whatsoever describing what allegedly inaccurate information was supplied her, when it was given, and by whom. Furthermore, Heward has not alleged that she relied on any inaccurate information or that any such information caused her any pecuniary loss. See Superior Kitchen Designs, Inc. v. Valspar Industries, USA, Inc., 263 F. Supp. 2d

17

140 (D.Mass.2003)(court will not read causes of actions into complaint that are not alleged with respect to negligent misrepresentation claim). Based on the facts alleged in the complaint, Heward has not made out a negligent misrepresentation claim.

### X.    THE COURT SHOULD DISMISS HEWARD'S BREACH OF CONTRACT CLAIM SINCE HEWARD DID NOT HAVE A CONTRACT WITH THE CITY.

Under Massachusetts law, in order to sustain a cause of action for breach of contract, a plaintiff must plead and prove: (1) that the parties had an agreement supported by valid consideration; (2) that the plaintiff was ready, willing and able to perform; (3) that defendant's breach has prevented him from performing; and (4) that plaintiff was damaged. See Doyle v. Hasbro, 103 F.3d 186, 194 (D. Mass. 1996); Petricca v. Simpson, 862 F. Supp. 13, 16-17 (D. Mass. 1994); Singarella v. City of Boston, 342 Mass. 385, 387 (1961). "It is essential to state with 'substantial certainty' the facts showing the existence of the contract and the legal effect thereof." See Doyle v. Hasbro, 103 F.3d at 194 citing Pollock v. New England Tel. ¶ Tel Co., 289 Mass. 255 (1935).

Here, Heward claims that she had an "employment contract" with Brockton. C. ¶54. In doing so, however, Heward has not provided any of the terms of the alleged contract. Heward has not alleged what contract existed between her and Brockton, the terms of any such contract, or what, if any, terms were breached. Because Heward has not plead with "substantial certainty" the facts showing the existence of the contract and the legal effect thereof, her breach of contract claim must be dismissed. See Id.

Indeed, as noted above, Heward entered in to one- year employment contracts with

18

Brockton. Heward's employment under the third contract ended during June 2002. Heward was a non-PTS teacher who had no contractual rights whatsoever following her non-renewal in the Spring of 2002.

### XI. THE COURT SHOULD DISMISS ALL STATE CLAIMS.

Although federal courts have discretion in maintaining jurisdiction over state law claims, the First Circuit has stated that if a "court determine[s] so far in advance of trial that no legitimate federal question exist[s], the jurisdictional basis for plaintiff's pendent claims under [state] law evaporate[s]." See Castegneto v. Corporate Express, Inc., 1997 U.S. Dist. LEXIS 22276, at *12 (D. Mass. 1997) citing, Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995). The Supreme Court has stated that supplemental jurisdiction is a "doctrine of discretion, not a plaintiff's right." See Budnick v. Baybanks, Inc., 921 F. Supp. 30, 33 (D. Mass. 1996) citing United Mine Workers of America. v. Gibbs, 383 U.S. 715, 726 (1966). "Furthermore, the Court stated that 'if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.'" Id.

As set forth above, the court should dismiss all of the claims over which it has original jurisdiction, namely, Heward's Civil Rights claims. The Court also should refrain from exercising supplemental jurisdiction and dismiss Heward's remaining state law claims. These claims do not involve a federal question but evolve around provisions of state law, namely, the Massachusetts Education Reform Act of 1993, and garden variety torts. Indeed, the federal claims involve the interpretation of state law, and specifically G.L. c. 71. See James v. Sun Glasses Hut of California, Inc., 799 F.Supp. 1083 (D.Colo. 1992)(declining

supplemental jurisdiction over breach of contract and other state claims against former employer since state claims substantially predominated over lone federal claim); <u>Procopio v. Johnson</u>, 785 F.Supp. 1317 (N.D.Ill. 1992), *affirmed,* 994 F.2d 325 (declining supplemental jurisdiction over state claims following dismissal of federal claims).

### XII. THE COURT SHOULD DISMISS ALL CLAIMS AGAINST BURREL FOR FAILURE OF SERVICE OF PROCESS.

Pursuant to Fed.R.Civ.P., Rule 4(e)(2), service of a complaint upon an individual must be made by "delivering a copy of the summons and of the complaint to the individually personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. Burrell was not served in accordance with Rule 4. The summons and complaint relative to Burrell were delivered to 189 Candy Lane, Brockton, MA. Burrell does not reside at this address and has not resided at this address for a number of years. As such, all claims against Burrel must be dismissed.

### CONCLUSION

For all the foregoing reasons, the Court should grant the Defendants' Motion to Dismiss all counts of the Complaint.

Respectfully submitted,
CITY OF BROCKTON, BROCKTON PUBLIC SCHOOLS And DONALD BURRELL INDIVIDUALLY AND AS PRINCIPAL OF EAST JUNIOR HIGH SCHOOL,
By Their Attorney,

/s/ Lorna M. Hebert
Lorna M. Hebert, BBO #559493
Murphy, Hesse, Toomey and Lehane
300 Crown Colony Drive, P.O. Box 9126
Quincy, MA 02269-9126
Telephone: (617) 479-5000

Dated: November 3, 2004   EMAIL: lhebert@mhtl.com