UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

EIJA HEWARD,                                      )
     Plaintiff,                                   )
vs.                                               )
                                                   ) C. A. No. 04-12038JLT
CITY OF BROCKTON                                  )
BROCKTON PUBLIC SCHOOLS AND                       )
DONALD BURRELL, AS PRINCIPAL OF EAST )
JUNIOR HIGH SCHOOL, CITY OF BROCKTON )
     Defendants.                                  )

## AMENDED VERIFIED COMPLAINT
## (REQUEST FOR JURY TRIAL)

### Introduction

This is an action for damages and equitable relief by the Plaintiff, Eija Heward, against the Defendants, City of Brockton, Brockton Public Schools and Donald Burrell, in his capacity as Principal of East Junior High School, City of Brockton, for harassment and discrimination in employment based on sex in violation of the Plaintiff's 14th Amendment Rights, G.L. c. 151B §4(1) and §4 (4A) and 42 U.S.C. § 1981 and § 1983.

### Parties

1. The Plaintiff, Eija Heward (hereinafter "Heward"), is an individual who resides at 13 Soule Ave., Duxbury, Massachusetts, 02332.

2. The Defendant, City of Brockton, Brockton Public Schools (hereinafter "Brockton"), with its principal place of business and headquarters located at Crosby Administration Building, 43 Crescent Street, Brockton, MA, 02301.

3. The Defendant, Donald Burrell, as Principal at East Junior High School was at all times relevant to the Complaint herein the employed by the City of Brockton as Principal of East Junior High School.

1

## Jurisdiction

4. Heward timely filed a charge of discrimination pursuant to Mass Gen. L. c. 151B with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"), naming the City of Brockton as Respondents.

5. Pursuant to c. 151B, §9, Heward removed her Charge from the MCAD and EEOC in order to file a civil action.

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because in Counts 1 and II Heward asserts federal question claims under 42 U.S.C. § 1981 and § 1983. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Heward's state law claim in Count III.

7. Venue is proper in this District under 28 U.S.C. § 1391, because all of the Defendants reside in this District and the events and omissions giving rise to Heward's claims occurred in this District.

## Facts

8. As a result of an incident in late February, 2000, in which the Principal of East Junior High School, Donald Burrell, in the Brockton School system, said the Plaintiff made him look bad after a meeting with a parent, the Plaintiff was subjected to steady stream of abuse and a pattern of discrimination by Mr. Burrell, culminating in her termination on June 20, 2002.

9. For more than two years Mr. Burrell did everything he could to intentionally damage the Plaintiff's professional reputation and contrive means to make her job more difficult and to do harm to her.

10. When the Plaintiff tried to transfer to another school Mr. Burrell went through extraordinary steps to insert himself into the interview selection process to block the Plaintiff's chances of leaving his school so he could terminate her instead.

11. Mr. Burrell managed the Plaintiff's supervisors to insure that she would receive bad performance evaluations.

12. Prior to working for Mr. Burrell, the Plaintiff had an excellent record of performance at other schools.

13. Mr. Burrell tampered with the Plaintiff's personnel file by removing or refusing to file rebuttal letters she wrote in regard to false, prejudicial evaluations, which were engineered by him, during the 2001-2002 academic year.

14. Other women in the school expressed a fear of Mr. Burrell to Plaintiff and told her that a chauvinistic attitude existed in the school system. One teacher warned the Plaintiff that "He destroys women" in referring to Mr. Burrell during 2001 and 2002.

15. No male teacher has ever been subjected to the humiliating treatment that was inflicted upon the Plaintiff.

16. The Plaintiff believes and therefore alleges that other women teachers are afraid to speak up against Mr. Burrell for fear of losing their jobs.

17. Mr. Burrell has methodically discriminated against all the women employees by intimidating them and especially the Plaintiff. If the Plaintiff were a man teaching at his school he never would have been treated the way she was. Said intimidation was used by Burrell to keep other teachers and administrators from supporting the Plaintiff and help her establish the harassing treatment she was given for fear of incurring the same treatment.

## CAUSES OF ACTION

### Count I – Civil Rights Violations

18. The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 17.

19. This action arises under Title 42 of the U.S. Code, Sections 1981 and 1983, and this Court has jurisdiction of the action under Title 28 of the U.S. Code, Sections 1331, 1332, 1342 and 1343.

20. The reasons given by the Defendants for termination of the Plaintiff were malicious, false and fabricated; and were conspired and contrived by Defendants and were intended and did defame, ridicule, harass and wrongly and unjustly accuse the Plaintiff of incompetence and seriously damaged her standing and association in her academic community.

21. In late February of 2000, the Plaintiff had just returned from her brother's funeral who had died suddenly and the Plaintiff missed a meeting with Mr. Burrell and a parent. At a second meeting, Mr. Burrell was already angry with the Plaintiff for having to meet with this parent, who was notorious for her hostile attitude and demands for special education concerning her child. The meeting went badly with the parent, who insulted the Plaintiff about her brother's death, indicating she could care less about Plaintiff's loss and that her child's education was more important. The Plaintiff's participation in the meeting was limited and Burrell became angry with her. Burrell called the Plaintiff into his office to berate her and then threatened her because "She made him look bad and that she would pay dearly for it".

22. After that incident during the 2001-2002 academic year, Burrell manufactured bad performance reports, which later were supposed to be corrected because the Plaintiff proved to other administers that she had performed well and equal to another Special Ed.

4

Teacher and that their teaching plans were practically identical. The other teacher was commended, yet the Plaintiff was reprimanded and criticized by Burrell for the same level of work.

23. Burrell tampered with the Plaintiff's personnel file and professional record, filing false reprimands and intentionally omitting the Plaintiff's rebuttal letters, which are supposed to be filed in her record as well.

24. Burrell treated men in the school differently. John F. McDonough, the Vice-Principal in front of the entire staff insulted Burrell by saying "he doesn't do a damn thing about discipline". Burrell turned bright red with rage, but did nothing to McDonough.

25. During 2001-2002 academic year, Burrell went to teachers and administrators who were willing to write recommendations for the Plaintiff and ordered them not to write a recommendation for her. Mr. McDonough, the Vice-Principal, admitted Burrell had ordered him not to write a recommendation for the Plaintiff.

26. From March to May of 2002, the Plaintiff tried to transfer from East Brockton Junior High, but Burrell inserted himself in the process and prevented the Plaintiff from transferring so he could terminate her.

27. Burrell repeatedly acted with malice and with intent to do harm to the Plaintiff and to destroy her professional reputation, especially during the Spring of 2002.

28. Said Defendants conspired and contrived to deny and deprive Plaintiff of an opportunity to refute the charges that the said Defendants had made against her.

29. The Plaintiff has been subjected, because of the above recited acts, to the deprivation by the Defendants under color or law, and of the customs and usages of the Commonwealth of Massachusetts, or rights, privileges and immunities secured to her by the Constitution and Laws of the United States and particularly, her right to enjoy those privileges

essential to the orderly pursuit of happiness by free men, specifically her right to equal protection of the laws guaranteed by the Fourteenth Amendment to said Constitution.

30. Under 42 U.S.C. § 1981 and § 1983, the Plaintiff as a woman was treated differently then men. The Defendants intentionally treated the Plaintiff differently than any other male teacher and differently then any other teacher male or female similarly situated.

31. The Defendant Burrell, with malicious intent to professionally harm the Plaintiff, tampered with her personnel file, pressured other school administrators to give false performance evaluation reports of the Plaintiff and prevented the Plaintiff's rebuttal letters to said false reports from being included in the Plaintiff's personnel file.

32. The Defendant intentionally deprived the Plaintiff of her good reputation as a school teacher in the area of special education, depriving her of the value of her professional credentials.

33. The Plaintiff's credentials and professional reputation to which she had a right to integrity of same, have been irreparably damages by aforesaid malicious actions of the Defendants during the 2001-2002 academic year.

34 The Plaintiff alleges that in doing the acts and things complained of above, the Defendants were conspirators and engaged in a scheme and conspiracy designed and intended to deny and deprive the Plaintiff of rights guaranteed to her under the Constitution and Laws of the United States and of the Commonwealth of Massachusetts and particularly those hereinabove enumerated.

35. The Plaintiff alleges that Defendants knew or should have known that Plaintiff's employment termination was based on her gender and that the malicious and intentional acts of Burrell to harm her professionally and the illegal action was their participation in the conspiracy to deny Plaintiff a harmonious work environment and to deny Plaintiff her

employment with the School Department, but more importantly to harm her professional reputation thereby damaging and denying her the value of her profession and credentials.

36. The Plaintiff alleges that as the direct consequence and result of the acts of the Defendants the Plaintiff suffered much anxiety and mental distress, much discomfort and embarrassment, her reputation was impaired, her earning capacity and professional associations were impaired, she suffered a loss of income, a loss of health insurance benefits, future income, and retirement benefits in excess of $100,816.00.

**Wherefore**, the Plaintiff demands a judgment for damages both compensatory and punitive against the Defendants amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

### Count II-Wrongful Termination and Discrimination against Person Based upon a Plaintiff's Sex in Violation of M.G.L. Chapter 151B

37. The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 36.

38. The Defendants collectively discriminated against the Plaintiff based upon her gender.

39. The Defendants intentionally placed the Plaintiff in an environment of intentional harassment in an effort to aggravate her to quit her position as a teacher.

40. Seven years prior to the Plaintiff taking position, a male teacher at East Brockton Junior High came to school drunk and slept in his car in the parking lot during school hours, referred to as the "Toyota hotel". Burrell was Vice-Principal and did nothing to the male teacher.

41. Burrell repeatedly harassed women teachers and never reprimanded men. Witnesses who can attest to his prejudicial and bias behavior are Bette-Ann Struzik, Mary Suntrom was threatened for speaking up with her opinions at a math meeting, Linda Parks the art teacher complained of Burrell's harassing her and trying to get her fired.

7

42. Gail Fulginiti states the reasons the Plaintiff was replaced was pressure by Burrell. Fulginiti, Parks & Struzik said men could get away with saying anything, but not women.

43. The acts of the Defendants were intentional and malicious as well as conspiratorial in nature in that the Defendant Burrell with the knowledge of the School Department authorities practiced a pattern of disparate treatment of women in comparison to men by holding women to a higher level of scrutiny as to their behavior and performance then male teachers at East Brockton Junior High and was more likely to frequently reprimand and discipline female teachers as opposed to more lenient treatment of male teachers.

44. The Defendants created and allowed a harassing environment towards women teachers that was different and disparate to environment for men teaching at East Brockton Junior High, which provided an atmosphere in which women felt they had to transfer out of said school to escape the harassing treatment of women teachers or being exposed to further professional abuse and possible termination.

45. When the Plaintiff did not quit, the Defendants wrongfully terminated the Plaintiff based upon a pretext to conceal the sexual discrimination and malicious attacks upon her professional reputation in an effort to discredit her and terminate her thereby treating her entirely different than any male employee in violation of M.G.L. Chapter 151B.

46. As a result of said disparate treatment and wrongful termination the Plaintiff has suffered mental distress, damage to her reputation and public humiliation.

47. The actions of the Defendants are the proximate cause of extensive damage to the Plaintiff including, but not limited to the loss of past and future income, health insurance benefits and retirement benefits, all valued in excess of $100,816.00.

48. On November 25, 2002, the Plaintiff filed an action with the MCAD and the EEOC. On June 23, 2004, the Plaintiff withdrew her Complaint with the MCAD and EEOC in order to file the within case in Federal Court to include additional causes of action.

**Wherefore**, the Plaintiff, Heward, demands a judgment for damages both compensatory and punitive against the Defendant, City of Brockton and the Defendant, Burrell in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

### Count III- Misrepresentation, Fraud and Deceit-Against the Defendants.

49  The Plaintiff, Heward, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 48.

50.  In late February of 2000, the Plaintiff had just returned from her brother's funeral who had died suddenly and the Plaintiff missed a meeting with Mr. Burrell and a parent. At a second meeting, Mr. Burrell was already angry with the Plaintiff for having to meet with this parent, who was notorious for her hostile attitude and demands for special education concerning her child. The meeting went badly with the parent insulted the Plaintiff about her brother's death and could care less about his death and her child's education was more important. The Plaintiff's participation in the meeting was limited and Burrell became angry with the Plaintiff. He called the Plaintiff into his office to berate her and then threatened her because "She made him look bad and that she would pay dearly for it".

51.  After that incident Burrell manufactured bad performance reports, which later were supposed to be corrected because the Plaintiff proved to other administrators that she had performed well and equal to another Special Ed. Teacher and that their teaching plans were practically identical. The other teacher was commended, yet the Plaintiff was reprimanded and criticized by Burrell for the same level and a manner of work and performance.

52.  Burrell fraudulently tampered with the Plaintiff's personnel file and professional record, filing false reprimands and intentionally omitting her rebuttal letters, which were

9

supposed to be filed in the Plaintiff's record as well; during the 2001-2002 academic year.

53. Burrell treated men in the school differently, as in June of 2002, John F. McDonough, the Vice-Principal in front of the entire staff insulted Burrell by saying "he doesn't do a damn thing about discipline". Burrell turned bright red with rage but did nothing to McDonough.

54. In March through June of 2002, Burrell went to teachers and administrators who were willing to write recommendations for the Plaintiff and ordered them not to write a recommendation for her. Mr. McDonough, the Vice-Principal admitted Burrell had ordered him not to write a recommendation for the Plaintiff.

55. In March to May of 2002, the Plaintiff tried to transfer from East Brockton Junior High, but Burrell inserted himself in the process and prevented the Plaintiff from transferring so he could terminate her, by sitting in on the interview committee, and controlling the outcome by negatively influencing Plaintiff's chances of being transferred.

56. Burrell repeatedly acted with malice and with intent to do harm to the Plaintiff and to destroy her professional reputation.

57. The Defendants participated in intentional misrepresentations regarding the continued employment of Heward. These misrepresentations consisted of continuing to create and subject Heward to a hostile work environment instead of working with her. As a result of these misrepresentations, fraud and deceit committed by the Defendants, during the 2001 and 2002 academic years, the Plaintiff has sustained significant damages.

58. Burrell acted maliciously to harm the Plaintiff professionally and intended to destroy her professional career by having the aforesaid fraudulent and deceitful tactics coupled with his predisposed prejudice towards women teachers, to create an evaluation profile of the Plaintiff that would be used as a pretext not to renew her contract to teach in Brockton.

59. The Plaintiff alleges that as the direct consequence and result of the acts of the Defendants the Plaintiff suffered much anxiety and mental distress, much discomfort and embarrassment, her reputation was impaired, her earning capacity and professional associations were impaired, she suffered a loss of income, a loss of health insurance benefits, future income, and retirement benefits in excess of $100,816.00.

**Wherefore**, the Plaintiff, Heward, demands a judgment for damages both compensatory and punitive against the Defendants in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

**THE PLAINTIFF REQUESTS A JURY TRIAL.**

THE PLAINTIFF,
Eija Heward
By her attorney

_____
Joseph R. Gallitano
34 Main Street Ext., Suite 202
Plymouth, MA  02360
(508) 746-1500
BBO # 183700

Dated: December 15, 2004

## VERIFICATION OF AMENDED COMPLAINT

I, Eija Heward, being first duly sworn, state that I am the Plaintiff in the above-entitled action, that I have read the foregoing amended complaint and know the contents thereof, and that the same is true to my own knowledge and belief.

_____
Eija Heward

Dated: December 14, 2004