


Friday, December 10, 2004

Lawyers W

**Massachusetts Superior Court**

Opinions Courtesy of Lawyers Weekly

**Massachusetts Lawyers Weekly**
www.masslawyersweekly.com

# COLLISON

## v.

# SUN MICROSYSTEMS, INC., et al.

---

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss SUPERIOR COURT

CIVIL ACTION

No. 02-5302

KIMBERLY COLLISON,

Plaintiff,

v.

SUN MICROSYSTEMS, INC. & another[1],

Defendants.

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff, Kimberly Collison ("Ms. Collison") brought this action against her former employer, defendant Sun Microsystems, Inc., and her former supervisor, defendant Thomas Gillispie ("Mr. Gillispie") (collectively, "defendants") alleging racial and gender discrimination and retaliation. This case is before the court on the defendants' motion for summary judgment. For the following reasons, the defendants' motion is **ALLOWED** in part and **DENIED** in part.

**I. Discrimination Claims**

To prove a claim of discrimination, the plaintiff must prove four elements: 1) that she is a member of a protected class; 2) that she suffered an adverse employment action; 3) that there was discriminatory animus; and 4) that the discriminatory animus caused the adverse employment action. Lipchitz v. Raytheon Co., 434 Mass. 493, 502 (2001). For purposes of summary judgment, once the plaintiff is successful in demonstrating this four-element prima facie case, the burden shifts to the defendant who must show that the adverse employment actions were not caused by animus but for a lawful reason. See Abramian v. President & Fellows of Harvard Coll., 432 Mass. 107, 116 (2001). If the defendant satisfies this burden by putting forth a lawful reason, the burden shifts once more to the plaintiff to show that the lawful reason is untrue or pretextual, and that discriminatory animus caused the adverse employment action. Id. at 117. Massachusetts is no longer a pretext only state, however, thus once the plaintiff shows that the defendant's reasons are untrue, there can be an inference of discrimination, but it is not conclusive. Id. at 118. "[I]f the fact finder is persuaded that one or more of the employer's reasons is false, it may (but need not) infer that the employer is covering up a discriminatory intent, motive or state of mind." Lipchitz, 434 Mass. at 501. The defendant may still be able to show that although the expressed reasons for the adverse action were false, the actual reasons were not unlawful discrimination. Abramian, 432 Mass. at 118.

Ms. Collison has claimed three separate counts of discrimination based on her membership in two different protected classes. She alleges discrimination based on her race, and she alleges discrimination based on her gender. She also alleges discrimination based on her pregnancy, but, as pregnancy is not a protected class, this claim falls within gender discrimination. See Massachusetts Elec. Co. v. Massachusetts Comm'n Against Discrimination, 375 Mass. 160, 167 (1978) (holding "any classification that relies on pregnancy as the determinative criterion is a distinction based on" gender).

A. Racial Discrimination - Counts I and IV

It is undisputed that Ms. Collison is African-American. Under G.L. c. 151B, § 4, African-Americans are a protected class, thus this element is satisfied. Ms. Collison has claimed that she suffered a number of adverse employment actions, some of which are disputed. Ms. Collison has claimed that Mr. Gillispie's supervision singled her out and subjected her to uncomfortable one-on-one sessions. During these sessions, Ms. Collison claims Mr. Gillispie interrogated her on her work and asked her demeaning questions. The defendants do not dispute that Mr. Gillispie spent more time with Ms. Collison; however, they do dispute that the sessions were an adverse employment action. The defendants claim that Ms. Collison needed the sessions because she was inexperienced with the computer languages with which she was working.

It is undisputed that in September 2001 Ms. Collison was presented with the choice of either accepting a bad evaluation or being demoted to a lower employment level. Ms. Collison claims that this choice was an adverse employment action with no positive option. The defendants, however, argue that offering Ms. Collison these choices was not an adverse employment action, but rather a necessary correction due to the employer's own mistake.

Finally, Ms. Collison also claims that she was constructively discharged. She claims that the defendants repeatedly discriminated against her and she was no longer able to work in such conditions. The defendants argue that the plaintiff was not constructively discharged and that the conditions were not intolerable. In fact, Ms. Collison has admitted that when she returned from maternity leave, she trusted and liked the new supervisor who had been assigned to her team.

Given that there are disputed material facts as to whether or not Ms. Collison suffered any adverse employment actions, this element survives summary judgment.

Conversely, Ms. Collison has not put forth any evidence to support her claim that she was subject to discriminatory animus based on her race. In her deposition, Ms. Collison stated that she was the only African-American woman on her project team. "Membership in a protected class *without more* is insufficient to make the difference" between unfair treatment and unlawful discrimination. Weber v. Community Teamwork Inc., 434 Mass 761, 778 (2001) (emphasis added). Ms. Collison alleges that she heard from three of the five women on her project team that they felt that Mr. Gillispie lacked confidence in their abilities. Ms. Collison further admitted in her deposition that she never heard Mr. Gillispie utter any type of slur, racial or otherwise.

Questions of animus are most often factual and therefore inappropriate for summary judgment, but this principle applies specifically to discrimination cases where the plaintiff has provided evidence of disparate treatment based on status. See Lipchitz, 434 Mass. at 499; Blair v. Huskey Injection Molding Sys. Boston, Inc., 419 Mass 437, 439 (1995). Ms. Collison has not set forth any evidence constituting disparate treatment based on her African-American class or creating an issue of material

fact with respect to this element. As Ms. Collison has failed to demonstrate discriminatory animus, she has also failed to demonstrate the element of causation. Without animus, it is impossible to establish that the adverse actions were caused by discrimination. See Lipchitz, 434 Mass. at 504 (requiring that "in indirect evidence cases the plaintiff must prove that the defendant's discriminatory animus was the determinative cause . . . in bringing about the adverse decision").

Accordingly, the defendants' motion for summary judgment on Counts I and V is **ALLOWED**.

B. Gender Discrimination - Counts II, III, VI, and VII

It is undisputed that Ms. Collison is a female and therefore a member of a protected class under G.L. c. 151B, § 4. In addition, Ms. Collison's evidence and arguments for the adverse employment action element of this claim are identical to those set forth in her racial discrimination claim. As there was sufficient evidence to survive summary judgment as to that element in her race claim, this element in her gender claim also survives summary judgment.

Unlike Ms. Collison's racial discrimination claim, in which there was no evidence of disparate treatment based on race, disputed or otherwise, Ms. Collison has provided disputed evidence that Mr. Gillispie treated women differently than he treated men. Ms. Collison claims that Mr. Gillispie "hovered" over the female team members more than the male team members. Such disparate treatment can create an inference of discriminatory animus. As noted above, when a discrimination claim is supported by some evidence of disparate treatment, summary judgment is not favored by the courts. Blair, 419 Mass. at 439.

Ms. Collision has not put forth any evidence to show that the other adverse employment actions she allegedly suffered also constituted disparate treatment. However, if a jury finds that the "hovering" was the result of discriminatory animus, it may also find that the animus permeated the defendants' conduct and all of the defendants' employment decisions. Therefore, Ms. Collison has demonstrated that there is a genuine issue of material fact as to whether the defendants had a discriminatory animus towards females.

To survive summary judgment, Ms. Collision must also provide evidence that the discriminatory animus was the determinative cause of the adverse employment actions. See Lipchitz, 434 Mass. at 504. Ms. Collison has claimed that she performed her job well and did not need the one-on-one sessions with Mr. Gillispie. She also claims that she was completing every task her supervisors assigned her, and therefore she was performing her job, even at the MTS3 level, well. Ms. Collison's claims create a dispute of fact as to why she suffered any adverse employment actions. If the jury finds that Ms. Collison was performing her job well, it may also find that, but for the discriminatory animus, the defendants had no reason to act as they did. This dispute with respect to Ms. Collison's job performance creates a material issue of fact as to causation, and therefore, this element survives summary judgment.

Given that Ms. Collison has provided sufficient evidence to support the prima facie case for gender discrimination for purposes of surviving summary judgment, the defendants must articulate a lawful reason for the adverse employment action. As discussed above, the defendants claim that Ms. Collision was inexperienced in the computer languages and therefore Mr. Gillispie, as her supervisor, felt she needed more supervision. In addition, the defendants' claim that the decision to demote Ms. Collison or allow her to stay at the MTS3 level with a poor evaluation resulted from the mis-mapping of Ms. Collision when Sun Microsystems Inc. took over HighGround. In fact, Ms. Collision admitted during her deposition that she was not qualified to perform the job of a MTS3 as it was expressly defined in the job description. Ms. Collison disputes that she was not performing her job well, however, claiming that she was accomplishing every task put before her and that the mis-mapping is only a pretext. As the parties have created a material issue of fact for the jury to decide, they survive the burden shifts on summary judgment.

Accordingly, the defendants' motion for summary judgment on Counts II, III, VI, and VII is **DENIED**.

III. **Counts IV and VIII - Retaliation**

Under G.L. c. 151B, § 4(4), it is unlawful for an employee to discriminate against any person who has filed a complaint or opposed any practice forbidden by the discrimination statute. In order to survive summary judgment on the retaliation claim, Ms. Collison must provide evidence satisfying the following three elements: 1) that the plaintiff engaged in a protected activity; 2) that the plaintiff suffered an adverse employment action; and 3) that there is a causal link between the protected activity and the employment action. Mole v. University of Massachusetts, 442 Mass. 582, 591, 592 (2004). Once the plaintiff meets this burden, the burden shifts back and forth between the defendants

and the plaintiff in the same manner as with a discrimination claim. See Abramian, 432 Mass. at 116-118.

Ms. Collison claims that she made a report to the defendants suggesting that Mr. Gillispie's supervision was discriminatory towards females. Ms. Collison claims that during a meeting with Mr. Fortier, she stated that Mr. Gillispie "hovered" over the women more often than the men. Although the defendants dispute that Ms. Collison ever made this statement in the meeting, the dispute does create an issue of material fact. Thus, if Ms. Collison did complain to Mr. Fortier that she felt Mr. Gillispie was treating the women in a discriminatory fashion, she engaged in protected activity.

Ms. Collison claims a number of adverse employment actions which are discussed above with respect to Ms. Collison's racial discrimination claim. Those allegations satisfy the element for purposes of surviving summary judgment with respect to retaliation.[2]

In Mole, the Court held that a causal connection can be inferred from the timing and sequence of events. 442 Mass. at 592. The Court also warned that timing alone is not sufficient; causation is not established where an employee engaged in a protected activity and was thereafter subject to an adverse employment action. Id. Similar to the causation element in the discrimination claim, Ms. Collison has to show not only that the timing creates an inference of retaliation, but also that she was a satisfactory employee. Although disputed, Ms. Collison has provided evidence that she was a satisfactory employee, claiming that she received a good evaluation prior to her complaint.

Ms. Collison also disputes the defendants' claim that Mr. Gillispie did not know of her complaint. She claims that Mr. Gillispie mentioned to her that he knew she had met with Mr. Fortier, therefore it can be inferred that he knew what she and Mr. Fortier had discussed at the meeting. Given the number of disputes regarding causation, Ms. Collison has provided sufficient evidence to survive summary judgment on this element as well. The defendants' summary judgment motion as to Counts IV and VIII is **DENIED**.

Accordingly, for the foregoing reasons, the defendants' motion for summary judgment is **ALLOWED** as to Counts I and V and is **DENIED** as to Count II, III, IV, VI, VII, and VIII.

Raymond J. Brassard

Justice of the Superior Court

Date: November 17 , 2004

## FOOTNOTES:

[1]Thomas Gillispie

[2]The only alleged adverse employment action that applies to Ms. Collison's discrimination claims but not to this claim of retaliation is the allegation that Mr. Gillispie engaged in "hovering" because this action allegedly occurred before Ms. Collison complained to Mr. Fortier and was the subject of that complaint.

User Agreement For Subscriber-Only Online Benefits | Help | Our Privacy Policy
Send any questions or comments to comments@lawyersweekly.com

**Customer Service**: 1-800-451-9998    **Technical Support**: 1-800-444-5297 ext. 8156
© Copyright 2004 Lawyers Weekly, Inc. All Rights Reserved

**DOLAN MEDIA COMPANY**

Lawyers Weekly does not use spyware; however, we link to a number of other sites and do not take responsibility for any spyware they may us

This site is best viewed with Internet Explorer 6 (click here to download) or Netscape 7 (click here to download)

69.174.214.178/5.95
0 milliseconds