UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. No. 04-12038-JLT

| | |
|---|---|
| EIJA HEWARD, | ) |
|     Plaintiff | ) |
| v. | ) |
| | ) |
| CITY OF BROCKTON, | ) |
| BROCKTON PUBLIC SCHOOLS, | ) |
| AND DONALD BURRELL, | ) |
| INDIVIDUALLY AND AS PRINCIPAL | ) |
| OF EAST JUNIOR HIGH SCHOOL, | ) |
|     Defendants | ) |
| | ) |

## ANSWER TO THE AMENDED VERIFIED COMPLAINT AND JURY DEMAND

### INTRODUCTION

Plaintiff Eija Heward ("Heward") filed the instant action against the City of Brockton, Brockton Public Schools ("Brockton") and Donald Burrell ("Burrell"), Individually and as Principal of the East Junior High School (collectively "the Defendants"). Heward's complaint asserted the following claims: (a) Count I (Civil Rights Violations); (b) Count II (Wrongful Termination and Discrimination against Person Based upon a Plaintiff's Sex in Violation of G.L. c. 151B); (c) Count III (Wrongful Termination and Breach of the Implied Covenant of Good Faith and Fair Dealing Against the City); (d) Count IV (Misrepresentation, Fraud and Deceit Against the City); (e) Count V (Intentional Infliction of Emotional Distress Against Brockton); (f) Count VI (Negligent Infliction of Emotional Distress Against Burrell); (g) Count VII (Promissory Estoppel Against the City); (h) Count VIII (Negligent Breach of Contract Duty

Against the City); (i) Count IX (Negligent Misrepresentation Against the City); and (j) Count X (Breach of Employment Contract Against the City).  Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted.  Heward filed an opposition to the motion to dismiss, a motion to amend the complaint and an amended verified complaint.  The court denied defendant's motion to dismiss the complaint and allowed Heward's motion to amend the complaint.

Heward's amended verified complaint ("Amended Complaint") alleges causes of action against the Defendants based on sexual discrimination in violation of G.L. c. 151B §§4(1) and 4(4A).  Heward also bases her Amended Complaint on 42 U.S.C §§ 1981 and 1983.  The Defendants deny that they violated any of the aforementioned statutes or engaged in any other unlawful conduct.  The remainder of the paragraph requires no response.

## PARTIES

1. Defendants admit that Heward is a natural personal.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Amended Complaint.

2. Paragraph 2 of the Amended Complaint is not a sentence.  Notwithstanding this, Defendants admit that Brockton maintains its principal place of business at the Crosby Administrative Building located at 43 Crescent Street, Brockton, MA 02301.

3. Defendants admit that Burrell has held the position of Principal of East Junior High School ("East") since about September 1998.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Amended Complaint.

4. Defendants admit that Heward filed a charge of discrimination with the Massachusetts Commission Against Discrimination (the "MCAD") and the Equal Employment Opportunity Commission (the "EEOC") naming the City if Brockton as the respondent but deny that said filings were timely.

5. Defendants admit the allegations in paragraph 5 of the Amended Complaint.

6. No response is required. However, Count II does not assert a federal claim under 42 U.S.C. §§1981 and 1983. Only count I asserts such a claim. Counts II and III are state law claims over which the court may or may not exercise jurisdiction.

7. No response is required.

8. Defendants deny the allegations in paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations in paragraph 9 of the Amended Complaint.

10. Defendants deny the allegations in paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations in paragraph 11 of the Amended Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations in paragraph 13 of the Amended Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint.

15. Defendants deny that any male or female teachers were subjected to humiliating treatment by the Defendants.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint.

17. Defendants deny the allegations in paragraph 17 of the Amended Complaint.

## CAUSES OF ACTION

### Count I-Civil Rights Violations

18. Defendants hereby repeat and incorporate by reference the answers to the allegations set forth in paragraphs 1 through 17 as if fully set forth herein.

19. No response is required.

20. Defendants deny the allegations in paragraph 20 of the Amended Complaint.

21. Defendants admit that during the Spring of 2000 Heward and Burrell attended two meetings with a parent and admit that Heward's performance during the meetings were unsatisfactory. Defendants also admit that Burrell advised Heward that she had attended the first meeting unprepared. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the death and funeral of Heward's brother. Defendants deny the remaining allegations in paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations in paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations in paragraph 23 of the Amended Complaint.

24. Defendants admit that during a staff meeting, a faculty member asked, "What is Donny Burrell doing about discipline," and that John McDonough jokingly replied, "Not a damn thing." Defendants deny the remaining allegations in paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations in paragraph 25 of the Amended Complaint.

26. Defendants admit that during the 2001/2002 school year, Heward applied for two positions in Brockton and that she was not selected for either position. Defendants deny the remaining allegations in paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations in paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations in paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations in paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations in paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations in paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations in paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations in paragraph 33 of the Amended Complaint.

34. Defendants deny the allegations in paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations in paragraph 35 of the Amended Complaint.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Heward suffered much anxiety and mental distress, much discomfort and embarrassment, that her reputation was impaired, that her earning capacity and professional associations were impaired, that she suffered a loss of income, a loss of health insurance benefits, future income, and retirement benefits in excess of $100,816.00.  Defendants deny that any such aforementioned alleged damages were the direct consequence and direct result of their acts.

<u>Count II-Wrongful Termination and Discrimination against Person<br>Based Upon a Plaintiff's Sex in Violation of G.L. c. 151B</u>

37.  Defendants hereby repeat and incorporate by reference the answers to the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38. Defendants deny the allegations in paragraph 38 of the Amended Complaint.

39. Defendants deny the allegations in paragraph 39 of the Amended Complaint.

40. Defendants admit that about 35 years ago, a former male teacher at East slept in his

car which was parked at the school. Defendants deny the remaining allegations in paragraph 40 of the Amended Complaint.

41. Defendants admit that Mary Sunstrom was verbally reprimanded for acting insubordinately toward her supervisor during a meeting regarding the Math Department. Defendants deny the remaining allegations in paragraph 41 of the Amended Complaint.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations in paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations in paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations in paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations in paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations in paragraph 47 of the Amended Complaint.

48. Defendants admit that Heward filed an action with the MCAD and the EEOC. Defendants admit that Heward withdrew her complaint from the MCAD and EEOC but deny that said withdrawal occurred on June 23, 2004. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that the MCAD and EEOC filings were made on November 25, 2002 or that Heward withdrew her complaint from the MCAD and EEOC in order to file it in federal court to include additional causes of action.

Count III-Misrepresentation, Fraud and Deceit

49. Defendants hereby repeat and incorporate by reference the answers to the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

50. Defendants admit that during the Spring of 2000 Heward and Burrell attended two

meetings with a parent and admit that Heward's performance during the meetings were unsatisfactory. Defendants also admit that Burrell advised Heward that she had attended the first meeting unprepared. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the death and funeral of Heward's brother. Defendants deny the remaining allegations in paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations in paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations in paragraph 52 of the Amended Complaint.

53. Defendants admit that during a staff meeting, a faculty member asked, "What is Donny Burrell doing about discipline," and that John McDonough jokingly replied, "Not a damn thing." Defendants deny the remaining allegations in paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations in paragraph 54 of the Amended Complaint.

55. Defendants admit that during the 2001/2002 school year, Burrell served on the interview team for the position of Special Education Team Facilitator per the request of Joanne Malonson. Defendants also admit that during the 2001/2002 school year, Heward applied for two positions in Brockton, including the position of Special Education Team Facilitator and that she was not selected for either position. Defendants deny the remaining allegations in paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations in paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations in paragraph 57 of the Amended Complaint.

58. Defendants deny the allegations in paragraph 58 of the Amended Complaint.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Heward suffered much anxiety and mental distress, much discomfort

and embarrassment, that her reputation was impaired, that her earning capacity and professional associations were impaired, that she suffered a loss of income, a loss of health insurance benefits, future income, and retirement benefits in excess of $100,816.00. Defendants deny that any such aforementioned alleged damages were the direct consequence and direct result of their acts.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint is barred because the decisions regarding Heward's employment are protected by a qualified privilege and\or an absolute privilege.

### SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Heward failed to exhaust her administrative remedies.

### FOURTH DEFENSE

The Amended Complaint is barred by the Statute of Limitations.

### FIFTH DEFENSE

Any alleged injuries Heward has suffered resulted from acts of a third person acting outside the scope of employment.

### SIXTH DEFENSE

All claims against the Defendants are barred by the doctrines of qualified immunity and common law immunity.

### SEVENTH DEFENSE

Count II is barred because Heward fails to state a prima facie case of discrimination, nor

could she prove such claims.

## EIGHT DEFENSE

Count II is barred because Heward failed to avail herself of Brockton's sexual harassment policy.

## NINTH DEFENSE

Count II against Burrell is barred since Heward did not name Burrell as a respondent in the actions before the MCAD and the EEOC.

## TENTH DEFENSE

The Amended Complaint must be dismissed due to failure of service of process upon the Defendants.

## ELEVENTH DEFENSE

Count III must be dismissed because Heward failed to allege fraud with particularity.

## JURY DEMAND

Defendants demand a trial by jury.

WHEREFORE, having fully answered Heward's Complaint, Defendants respectfully request the Court dismiss with prejudice the Amended Complaint in its entirety and grant Defendants attorneys fees and costs, and for such further relief as the Court deems appropriate.

      Respectfully submitted,
      CITY OF BROCKTON, BROCKTON PUBLIC
      SCHOOLS, AND DONALD BURRELL

      By their Attorney,

      /s/ Lorna M. Hebert
      Lorna M. Hebert, BBO #559493
      Murphy, Hesse, Toomey and Lehane
      300 Crown Colony Drive, P.O. Box 9126
      Quincy, MA 02269-9126
      Telephone: (617) 479-5000
      EMAIL: lhebert@mhtl.com
      BBO# 559493

February 8, 2005